# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTINA LU ROMAN,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

Case No. 14-CV-1541-JPS

**ORDER**

On May 13, 2015, the Court remanded this case to the Commissioner of Social Security, pursuant to the parties' stipulation. (Docket #16, #17, and #18). After remand, the parties stipulated, and the Court ordered, that Plaintiff's counsel should receive an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,700. (Docket #20). On April 18, 2016, the Commissioner, considering the matter on remand, issued a fully favorable decision to Plaintiff. (Docket #21 at 1).

On October 31, 2016, Plaintiff's counsel filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). *Id.* In this case, Plaintiff and her counsel originally negotiated counsel's fee at twenty-five percent of whatever past-due benefits would be awarded to her and her family. *Id.* Section 406(b) permits the Court to award this agreed-upon fee. It provides that, after entering judgment in favor of a claimant who was represented by counsel, the Court may award the attorney a reasonable fee for his or her work before the Court. 42 U.S.C. § 406(b)(1)(A). The fee cannot exceed twenty-five percent of the total past-due benefits to which the claimant is entitled by reason of the judgment. *Id.* In this case, counsel represents that

their outstanding fee under Section 406(b), less amounts already paid, is $9,396.75. (Docket #21 at 2). This amount includes $8,200 that the Commissioner is already withholding for purposes of a fee award, plus $1,196.75 that should have been withheld, but was not, from a portion of benefits paid to Plaintiff's son. *Id.*

The Commissioner, acting in a role "resembling that of a trustee" for Plaintiff, *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002), has filed a response indicating that she does not opposed counsel's requested fees. (Docket #23). In light of counsel's submissions and Defendant's non-opposition, the Court finds that the fees requested are both reasonable and necessary and qualify under Section 406(b).[1]

Accordingly,

**IT IS ORDERED** that the motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket #21) be and the same is hereby **GRANTED**; the Commissioner shall pay $9,396.75 from the withheld funds directly to Plaintiff's lead counsel, Thomas E. Bush.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] Counsel are required to refund amounts paid to them under the EAJA if they are awarded fees under Section 406(b). 42 U.S.C. § 406(b)(1)(A). But counsel notes that the $4,700 the Court previously awarded them under the EAJA was never actually paid because the government confiscated it to pay Plaintiff's student loans. (Docket #21 at 2).